# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 7, 2007**

Charles R. Fulbruge III
Clerk

No. 06-50854
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESUS GUEVARA-HERNANDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-210-3

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jesus Guevara-Hernandez (Guevara) appeals his conviction for one count of conspiracy to transport illegal aliens and two counts of harboring illegal aliens and the resulting sentence. Guevara argues that the district court erred in admitting extrinsic evidence of his involvement in conspiring to transport illegal aliens in 2003. Guevara also contends that the district court erred in enhancing his sentence for creating a substantial risk of death or serious bodily injury

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on evidence that his co-defendant transported aliens in the bed of a pickup truck.

The district court admitted testimony detailing Guevara's involvement in a conspiracy to transport illegal aliens in 2003. The facts of the 2003 offense were similar to the facts of the instant case and therefore relevant to show a pattern of conduct. The probative value of the evidence was not outweighed by the prejudice. See United States v. Beechum, 582 F.2d 898, 914 (5th Cir. 1978) (en banc). The district court gave a limiting instruction to the jury, and the jury is presumed to have followed the court's instruction. See United States v. Scott, 48 F.3d 1389, 1396-97 (5th Cir. 1995). Therefore, the court did not abuse its discretion by admitting the extrinsic evidence of Guevara's 2003 involvement in the smuggling of aliens. See United States v. Buchanan, 70 F.3d 818, 831 (5th Cir. 1995).

Guevara's argument challenging the sentence enhancement under U.S.S.G. § 2L1.1(b)(5) is likewise without merit. Transporting aliens in the bed of a pickup truck creates a substantial risk of death or serious bodily injury. United States v. Cuyler, 298 F.3d 387, 391 (5th Cir. 2002). The record does not contain any evidence that the bed of the truck was covered by a camper. As such, Guevara's reliance on United States v. Pineda-Jimenez, 212 F. App'x 369, 373 (5th Cir. 2007), is misplaced.

Accordingly, the judgment of the district court is AFFIRMED.